Miles F. McDonald, J.
Motion by the defendant Henry Gaffney for an order pursuant to rule 106 of the Rules of Civil Practice dismissing the complaint herein against him on the ground that it appears on the face thereof that the complaint against him does not state facts sufficient to constitute a cause of action, granted, with leave to the plaintiff to serve an amended complaint within 20 days after service of a copy of the order to be entered hereon with notice of entry thereof.
*37 Plaintiff is the holder of several notes drawn by defendant S & G Parts Manufacturing & Equipment Corp., signed by its president, Henry Gaffney, and indorsed by him individually.
The complaint further alleges that although payment has been duly demanded, no part of the notes has been paid. It contains no allegation that notes were presented on their due dates nor any facts which would explain why such presentations were not made. A corporate officer who indorsed a note is an accommodation and irregular indorser. Unless presentment is waived, presentment for payment is necessary in order to fix the indorser’s liability, and likewise, notice of dishonor must be given to the indorser unless waived (Goldstein v. Brastone Corp., 254 App. Div. 288, affd. 279 N. Y. 775; Preferred Transmix Concrete v. M. A. C. Constr. Corp., 191 N. Y. S. 2d 588). The case of Witherow v. Slayback (158 N. Y. 649) and other cases cited in plaintiff’s memorandum of law submitted upon this motion are clearly distinguishable from that before the court. A reading of those cases discloses that special circumstances existed which clearly indicated that the defendants who in form were indorsers were, in truth, the individuals primarily liable on the note and were thus in the position of a maker. Under such circumstances, no presentment or notice of dishonor was necessary to charge them with liability. The mere allegation in the complaint that the defendant indorsed the note for value received is insufficient to impose primary liability.
In the complaint before the court on this motion the plaintiff seeks to hold the defendant Gaffney as an indorser, and not as a party primarily liable on the note in question and the statutory requirements of presentment and notice of dishonor were obligatory.